UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Liquidity Services, Inc.

    v.                         Civil No. 10-cv-427-JD

Asian Atlantic Industries, Inc.

O R D E R

Liquidity Services, Inc. alleges breach of contract and other claims against Asian Atlantic Industries, Inc. that arose from their failed business dealings.  Asian Atlantic moves to compel Liquidity Services to respond to interrogatories propounded more than three months ago.  Liquidity Services failed to respond to Asian Atlantic's motion.

Liquidity Services filed its complaint against Asian Atlantic on September 23, 2010.  Asian Atlantic represents that it propounded interrogatories to Liquidity Services on March 24, 2011.  When Liquidity Services failed to respond, Asian Atlantic's counsel contacted counsel for Liquidity Services by email and telephone on four occasions between May 17, 2011, and June 13, 2011.  Asian Atlantic represents that counsel also notified Liquidity Services's counsel that it would file a motion to compel.  Because Liquidity Services failed to provide responses to the interrogatories, Asian Atlantic moved to compel.

A party must respond to interrogatories within thirty days after being served unless a different time is established by stipulation or court order.  Fed. R. Civ. P. 33(b)(2).  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer an interrogatory submitted under Rule 33 . . . ." Fed. R. Civ. P. 37(a)(3)(B).  In addition, the court may sanction a party for failing to answer interrogatories after proper service and within the time allowed.  Fed. R. Civ. P. 37(d)(1).

   In this case, Liquidity Services's response to Asian Atlantic's interrogatories is long overdue.  Motions for summary judgment were due by July 1, 2011.  Trial is scheduled for November 8, 2011.  As Asian Atlantic represents, Liquidity Services's failure to respond to the interrogatories is delaying the case.  Further, Liquidity Services did not respond to Asian Atlantic's counsel's communications about the interrogatories or the motion to compel, raising a question as to whether Liquidity Services intends to pursue its claims in this case.

Liquidity Services shall provide its answers and/or objections to Asian Atlantic's pending interrogatories **on or before July 15, 2011.**  Failure to comply with the court-ordered deadline, unless the time is extended by the court, will result

in sanctions that may include dismissal of the case with
prejudice.

As a sanction for failing to respond to Asian Atlantic's
inquiries and the motion to compel, Liquidity Services shall pay
the attorneys' fees and costs incurred by Asian Atlantic in
preparing and filing the motion to compel.  Counsel for Asian
Atlantic shall serve on Liquidity Services a demand for payment
with itemized fees and costs.  Failure to pay the fees and costs
within a reasonable time, absent substantial justification, will
result in additional sanctions.

## Conclusion

For the foregoing reasons, the defendant's motion to compel
(document no. 9) is granted.

Liquidity Services shall provide its answers and/or
objections to Asian Atlantic's pending interrogatories **on or
before July 15, 2011**.  Failure to comply will result in sanctions
that may include dismissal of the case with prejudice.

Liquidity Services shall pay the attorneys' fees and costs
incurred by Asian Atlantic in preparing and filing the motion to
compel.

The summary judgment deadline of July 1, 2011, is changed to September 15, 2011.


SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

July 6, 2011

cc:  Keith F. Diaz, Esquire
     Kenneth Eric Rubinstein, Esquire

4